IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ALEXEY CHACON,<br>*Individually and on behalf of all others similarly situated,*<br><br>                    Plaintiff,<br><br>       *v.*<br><br>CRO-MAGNON, INC.<br><br>                    Defendant. | Case No. 1:21-cv-871<br><br>Hon.<br><br>Mag.<br><br>29 USC § 216(B) COLLECTIVE ACTION<br>RULE 23 CLASS ACTION |

**CLASS AND COLLECTIVE ACTION COMPLAINT**
**AND JURY DEMAND**

Plaintiff Alexey Chacon, on behalf of himself and all other persons similarly situated known and unknown, through his attorneys, for his Complaint against Defendant Cro-Magnon, Inc. d/b/a Mosquito Hunters ("Defendant"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.      This is a proposed collective action against Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for Defendant's failure to pay minimum wages and overtime pay to Plaintiff and other persons who were paid on a piece rate basis for all time worked. A copy of Plaintiff's consent form to act as a representative Plaintiff in this collective action under the FLSA is attached hereto as Exhibit A.

2.      This is also a proposed class action under the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL") for Defendant's failure to pay overtime pay and minimum wages to Plaintiff and other similarly situated persons, and a proposed class action under the Illinois

Wage Payment and Collection Act (IWPCA), 820 ILCS 115/1, *et seq.*, for Defendant's unauthorized deductions from Plaintiff's and other persons' wages.

## THE PARTIES

3. Plaintiff resides in and is domiciled in Illinois.

4. During the last three years, Plaintiff worked for Defendant in Illinois.

5. Defendant is domiciled and has a principal place of business in Grand Rapids, Michigan in the County of Kent.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, rising under 29 U.S.C. § 216(b).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 (b)(1) and pursuant to a contract between the Parties.

8. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## FLSA, IMWL AND IWPCA COVERAGE

9. Plaintiff was employed by Defendant as an "employee" as that term is defined by the IMWL, 820 ILCS § 105/3(d).

10. Plaintiff was employed by Defendant as an "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1).

11. Plaintiff was employed by Defendant as an "employee" as that term is defined by the IWPCA, 820 ILCS 115/2.

12. Defendant was Plaintiff's "employer" as that term is defined by the IMWL, 820 ILCS 105/3 (c).

13. Defendant was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d).

14. Defendant was Plaintiff's "employer" as that term is defined by the IWPCA, 820 ILCS 115/2.

15. Defendant is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

16. Defendant's employees are engaged in interstate commerce and Defendant's annual gross volume of sales made or business done during the last three years exceeds $500,000.00, exclusive of excise taxes.

17. During his employment by Defendant, Plaintiff handled goods that moved in interstate commerce.

18. During his employment by Defendant, Plaintiff was not exempt from the minimum wage and overtime provisions of the FLSA and the IMWL.

19. During his employment by Defendant, Plaintiff was not exempt from the wage payment provisions of the IWPCA.

## BACKGROUND FACTS

20. Plaintiff was employed by Defendant between approximately August 13, 2020 and September 4, 2020.

21. Plaintiff worked for Defendant as a technician, travelling to properties at which he provided mosquito abatement services.

22. Plaintiff was paid a piece rate for the work he performed for Defendant.

23. Defendant did not reimburse Plaintiff or similarly situated employees for mileage

for work-related travel.

24. Defendant did not reimburse Plaintiff or similarly situated employees for actual expenses.

25. Plaintiff and other similarly situated technicians drove an average of 100 miles per workday.

26. Defendant's failure to reimburse Plaintiff and other similarly situated technicians for their mileage and other expenses resulted in Defendant's failure to pay the required minimum wage and overtime rate to Plaintiff and similarly situated employees.

27. Defendant's failure to reimburse Plaintiff and other similarly situated technicians for their mileage and other expenses resulted in the Defendant's violation of the FLSA's anti-kickback provisions.

28. A true and accurate copy of the Defendant's pay policy is attached hereto as Exhibit B.

29. The piece rate is based upon the size of the property that is treated for mosquitos.

30. Pursuant to the piece rate payment policy, Defendant assigns an arbitrary hourly rate based upon the size of the treated property.

31. As a result, Defendant did not track the actual number of hours Plaintiff worked each week or the mileage driven by the technicians, only the information about the completed service calls.

32. During the last three years, Plaintiff worked in excess of forty hours in one or more individual work weeks.

33. In one or more individual work weeks in the last three years, Plaintiff was not paid overtime pay at the rate of one-and-one half times his regular rate of pay for the time he

worked in excess of forty (40) hours.

34. During the course of Plaintiff's employment with Defendant, Defendant made deductions from Plaintiff's wages.

35. The deductions made by Defendant from Plaintiff's compensation were not required by law.

36. The deductions made by Defendant from Plaintiff's compensation were not to Plaintiff's benefit.

37. The deductions made by Defendant from Plaintiff's compensation were not in response to a valid wage assignment or a wage deduction order.

38. The deductions made by Defendant from Plaintiff's compensation were not made with the express written consent of Plaintiff, given freely at the time the deductions were made.

39. During all weeks that Plaintiff performed labor for Defendant:

 a. Plaintiff's work was to the benefit of Defendant;

 b. Plaintiff's work was an integral part of Defendant's business;

 c. Defendant had control or influence over the terms or conditions of Plaintiff's employment, including the Plaintiff's work schedule; and

 d. Defendant provided the tools or materials used by Plaintiff to perform the work.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

40. In the prior three years, Defendant employed one or more other persons who were paid on a piece rate basis ("proposed FLSA collective").

41. The proposed FLSA collective were employed by Defendant within the meaning

5

of the FLSA.

42. During all weeks that the proposed FLSA collective performed labor for Defendant:

    a. Their work was to the benefit of Defendant;

    b. Their work was an integral part of Defendant's business;

    c. Defendant had control or influence over the terms or conditions of the proposed FLSA collective's employment, including their work schedule; and

    d. Defendant provided the tools or materials used by the proposed FLSA collective to perform the work.

43. Plaintiff and other members of the proposed FLSA collective worked as non-exempt employees eligible for overtime pay.

44. The proposed FLSA collective used a timeclock to track the number of hours they worked each week.

45. The proposed FLSA collective worked in excess of forty hours in one or more individual work weeks at any time since the date three years prior to the filing of this Complaint.

46. The proposed FLSA collective was paid a piece rate for the work they performed.

47. The proposed FLSA collective was not paid overtime pay at the rate of one-and-one half times their regular rate of pay for the time they worked in excess of forty (40) hours per week.

48. The proposed FLSA collective was not paid minimum wages for the work they performed.

49. The proposed FLSA collective would benefit from the issuance of a

court-supervised notice of this lawsuit for purposes of being informed of their opportunity to join.

50. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

**CLASS ACTION ALLEGATIONS UNDER ILLINOIS MINIMUM WAGE LAW AND ILLINOIS WAGE PAYMENT AND COLLECTION ACT**

51. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and other current and former employees who worked for Defendant and were paid on a piece rate basis.

52. The IMWL class Plaintiff seeks to represent is defined as "all persons who worked for Defendant in the State of Illinois from three years prior to the filing of this Complaint (the "IMWL class period") who were paid on a piece rate basis and were not reimbursed for work-related expenses (the "proposed IMWL Class").

53. The IWPCA class Plaintiff seeks to represent is defined as "all persons employed in the State of Illinois by Defendant as hourly employees from ten years prior to the filing of this Complaint and the present (the "IWPCA class period") who have been subject to Defendant's deduction policies (the "proposed IWPCA Class")."

54. During all weeks that the proposed IMWL Class and IWPCA Class performed labor for Defendant:

    a. Their work was to the benefit of Defendant;

    b. Their work was an integral part of Defendant's business;

    c. Defendant had control or influence over the terms or conditions of the proposed IMWL and IWPCA Classes' employment, including their work schedule; and

7

   d. Defendant provided the tools or materials used by the proposed IMWL and IWPCA Classes to perform the work.

55. The proposed IMWL and IWPCA classes are so numerous that joinder of all members is impracticable.

56. During the IMWL class period, Defendant employed more than 40 persons who fall within the class description.

57. During the IWPCA class period, Defendant employed more than 40 persons who fall within the class description.

58. The claims of the named Plaintiff are typical of the members of the proposed classes.

59. The named Plaintiff and the proposed IMWL Class worked more than forty (40) hours in one or more individual work weeks and were not paid overtime compensation.

60. Each member of the proposed IMWL class was paid on piece rate basis regardless of the number of hours they worked each week.

61. The named Plaintiff and the proposed IWPCA Class were all subject to Defendant's deduction policies.

62. As a result, each member of the proposed IMWL class suffered the same harm.

63. As a result, each member of the proposed IWPCA class suffered the same harm.

64. Each proposed class members' claim is controlled by Illinois' wage and hour statutory scheme and one set of facts. Pursuant Fed. R. Civ. P. 23(b)(3), questions of law and fact are common to the class and predominate over any individual questions.

65. Such common questions of law and fact include, but are not limited to, whether the proposed Rule 23 Class is similarly situated because they were subject to Defendant's

common policy and practice of paying piece rates without overtime; and whether Defendant violated the IWPCA by failing to compensate for work-related expenses.

66. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

67. Prosecuting hundreds of identical, individual lawsuits would not promote judicial efficiency or equity, nor result in consistent results. Class certification will eliminate the need for duplicate litigation.

68. Plaintiff will fully and adequately protect the interests of the proposed classes.

69. Plaintiff seeks the same recovery as the classes, predicated upon the same violations of law and the same damage theory.

70. Plaintiff has retained counsel who is qualified and experienced in the prosecution of statewide wage and hour class actions.

71. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the proposed classes.

### COUNT I
**Violation of the Fair Labor Standards Act – Minimum Wages and Overtime Wages**
**(Plaintiff on his own behalf and on behalf of similarly situated employees)**

72. Plaintiff realleges and incorporates the previous allegations of this Complaint.

73. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for its failure to pay minimum wages and overtime wages to Plaintiff at a rate of one-and-one-half times his regular hourly rate of pay.

74. When an employee is paid on a piece rate basis, they still must be paid minimum wages.

75. When an employee is paid on a piece rate basis, the regular hourly rate is calculated

by adding all of the total earnings for the workweek from all the piece rates and all other sources and dividing the total earnings by the total hours the employee worked in that workweek. 29 C.F.R. § 778.111(a).

76. For overtime work performed, the pieceworker employee is entitled to be paid all his weekly earnings at his regular rate of pay for all hours worked in addition to half his regular rate of pay multiplied by all the hours worked in excess of forty in that work week. 29 C.F.R. § 778.111(a).

77. Defendant's pay policy resulted in Plaintiff and other technicians receiving less than minimum wages for one or more workweeks during the relevant time period.

78. Defendant's pay policy resulted in Plaintiff and other technicians being deprived of overtime wages for the hours they worked in excess of forty (40) hours in a work week.

79. Defendant required and continues to require Plaintiff and the FLSA Collective to pay for automobile expenses and other job-related expenses out of pocket, failed to reasonably calculate the value of said expenses, and failed to adequately reimburse Plaintiff and the FLSA Collective for said expenses.

80. Defendant did not pay one or more other technicians overtime pay for the hours he or she worked in excess of forty (40) hours in a work week.

81. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at a rate of one-and-one-half times his regular rate of pay.

82. Pursuant to 29 U.S.C. § 207, for all weeks during which other production employees worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one-and-one-half times their regular rate of pay.

83. Because Defendant required Plaintiff and the FLSA Collective to pay for automobile expenses and other job-related expenses out of pocket, Defendant did not pay Plaintiff and the FLSA collective the required minimum wages and overtime wages.

84. Defendant's failure to pay minimum wage and failure to pay overtime wages to Plaintiff for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

85. Defendant's failure to pay minimum wage and failure to pay overtime wages to other similarly situated hourly employees for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

86. Defendant's failure to pay minimum wage and failure to pay overtime wages for time worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A) Judgment in the amount of all back wages due;

B) Liquidated damages in an amount equal to the amount of unpaid compensation found due;

C) Reasonable attorneys' fees and costs incurred in filing this action; and

D) Such other and further relief as this Court deems appropriate and just.

## COUNT II
**Violation of the Illinois Minimum Wage Law – Minimum Wages and Overtime Wages**
**(Plaintiff on his own behalf and on behalf of a class of similarly situated persons)**

87. Plaintiff realleges and incorporates the previous allegations of this Complaint.

88. Due to the Defendant's technician compensation policy which not only pays less than minimum wages for the projects assigned but also includes the employee bearing the burden

of the bulk of the expenses associated with the operation of the business, including uniforms, gas, and phones, Plaintiff and the proposed IMWL class were paid less than minimum wages.

89. The Plaintiff and the proposed IMWL class worked more than forty (40) hours in one or more individual work weeks and were not paid overtime compensation.

90. Pursuant to 820 ILCS 105/4(a), for all weeks during which they worked in excess of forty (40) hours, Plaintiff and the proposed IMWL Class were entitled to be compensated at one and one half times their regular hourly rate of pay for time they worked in excess of forty (40) hours per work week.

91. Defendant violated the Illinois Minimum Wage Law by refusing to pay Plaintiff and members of the proposed class at one-and-one-half times their regular hourly rate of pay for hours worked in excess of forty (40) hours per work week.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A) Judgment in the amount of all back wages due;

B) Punitive damages in the amount of five percent (5%) of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid, as provided for by 820 ILCS 105/12(a);

C) Reasonable attorneys' fees and costs incurred in filing this action; and

D) Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act – Unlawful Deductions and Failure to Reimburse (Class Action)

85. Plaintiff realleges and incorporates the previous allegations of this Complaint.

86. Defendant made unauthorized deductions from the wages of Plaintiff and the proposed IWPCA Class, including miscellaneous expenses and uniforms.

12

87. The deductions were not: (1) required by law; (2) to the employee's benefit; (3) in response to a valid wage assignment or wage deduction order; and (4) made with the express written consent of the employee given freely at the time the deductions were made.

88. Defendant required Plaintiff and other technicians to incur unreimbursed business expenses including the costs associated with using personal cell phones for work and the cost of gas and transportation required to travel to the various jobsites.

89. Plaintiff and other technicians regularly incurred business expenses related to the services they performed as employees.

90. In violation of 820 ILCS 115/9.5, Defendant failed to reimburse its employees for their expenditures, which included paying for gasoline for work-related travel and cellular phone bills for work related communications.

91. The business expenses and the expenditures were incurred by Plaintiff and the technicians were for the benefit of the Defendant.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A) Judgment in the amount of all back wages due, as provided by the Illinois Wage Payment and Collection Act;

B) Prejudgment interest on the back wages in accordance with 820 ILCS 205/2;

C) An injunction precluding Defendant from violating the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*; and

D) Such other and further relief as this Court deems appropriate and just.

## JURY DEMAND

Plaintiff requests a trial by jury on his claims.

Respectfully Submitted,

/s/ David M. Blanchard
David M. Blanchard (P67190)
BLANCHARD & WALKER PLLC
221 North Main Street, Ste. 300
Ann Arbor, MI 48104
Telephone: (734) 929-4313
blanchard@bwlawonline.com

Michael L. Fradin*
Attorney at Law
*Application of Admission Forthcoming*
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: (847) 986-5889
Fax: (847) 673-1228
mike@fradinlaw.com

Dated: October 8, 2021